IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

IN RE:
J. Synnott,
    PLAINTIFF
    v.
DuPage Sheriff officer Burgermeister in individual & official capacity
DuPage Sheriff officer Northop in individual & official capacity
Sheriff of DuPage County in individual & official capacity
DuPage County /State of Illinois
Suppressed (multiple),
et al
    DEFENDANTS

Case No.

16-C-9098

Judge Kennelly

RECEIVED 2017 FEB 23 PM 2:35
CLERK U.S. DISTRICT COURT

FILED
FEB 2 3 2017
THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Jury Trial Demanded

## PLAINTIFF'S "REDACTED" 1st AMENDED COMPLAINT, & DECLARATORY & INJUNCTIVE RELIEF

Now comes PLAINTIFF, J. Synnott, pro se, in his complaint against defendants and for Declaratory and injunctive relief and in support thereof, declares and states as follows:

**Introduction**

1. This action is brought to redress the deprivation and violation of Plaintiff's constitutional rights of 4th and 14th amendment (section 1) stemming from multiple acts by defendants including inter alia acts of intimidation, extortion, [redacted], unlawful entry and search, due process violations, fundamental liberty interest violations, [redacted] pursuant to inter alia 42 U.S.C. § 1983 and 1985 and an action for inter alia common law assault and battery.

2. Plaintiff seeks compensatory and punitive damages under inter alia 42 U.S.C. § 1983; compensatory and punitive damages for inter alia common law assault and battery; reasonable attorney's fees under 42 U.S.C. § 1988 and state law; as well as declaratory and injunctive relief as remedy, to prevent further occurrence, and address unconstitutionality of IL statutes.

3. This case has important ramifications to public particularly families similarly situated currently or in the future. The rights involved and resulting decision likely effect not just this plaintiff and residents of the state of Illinois, but all states and significant portion of their resident citizens.

1

4. Fundamental liberty interest are implied in this case. [redacted]

5. Plaintiff seeks to protect and vindicate his, and of those similarly situated, fundamental liberty interests without being subjected to the unconstitutionally arbitrary and discriminatory barrier established by practice and policy. Plaintiff seeks declaratory judgment that the challenged laws and policies are invalid, unenforceable, and void, permanent injunctions against any further enforcement of the challenged laws, or implementation of any similar policy by the Defendants, and reasonable attorney's fees. 42 U.S.C. § 1988.

6. This case challenges the constitutionality of state laws that deprives Plaintiff, and those similarly situated, of his/her constitutional right and fundamental liberty interests [redacted]. That right is guaranteed by the Due Process, Equal Protection, and Privileges or Immunities Clauses of the Fourteenth Amendment to the United States Constitution, as well as the privileges or immunities clauses of the Illinois Constitution.

7. Illinois constitution fundamental principles in section 23 speaks to individuals obligations to preserve the blessings of liberty. [Redacted]- Measures must be taken to ensure against infringements upon [redacted] his rights not only for his own family but for others to come, that likely may be so uninformed, so unprepared, so intimidated, and so unable to protect themselves from similar injustice.

8. It is paramount that what has happened [redacted] cannot be easily repeated to other [redacted] families. [redacted]

9. Plaintiff feels compelled to do all that he can to respectfully remind the honorable court of its obligations and hold those that violate others rights accountable so that such transgressions are not easily repeated and more crucially, the court remembers to first protect the rights of [redacted- those citizens] it so serves. The court holds such tremendous power yet it is not unlimited but like legislation necessarily constrained by the constitution. The fundamental liberty interests the

2

constitution protects are the underlying fabric of the state. Arguably if the constitution becomes meaningless, public confidence, prosperity, stability, and the moral fiber of the state are one act away from certain decline. People inherently know when they've been wronged but often in the best of circumstances articulating their grievances is difficult. Obtaining prompt just remedy too readily becomes impossible if principles and safeguards are ignored and mal-intending individuals are freely allowed to abuse the legal process. Whenever the court misuses its power to intimidate and silence those before it, justice is impossible, faith in the courts is not just undermined but lost, and thus the underlying fragile fabric of the state too easily eviscerated is at risk. If the courts won't follow the law then who will?

**Jurisdiction**

10. Subject matter jurisdiction over 42 U.S.C. § 1983 is properly in the United States District Court pursuant to 28 USC §1331 since the complaint alleges constitutional and federal statutory violations against the defendants.

11. This court also has subject matter jurisdiction over the claims including of assault and battery pursuant to 28 U.S.C. 1367(a); the 42 U.S.C. § 1983 violation and tort liability for assault and battery arise from a common nucleus of operative fact.

12. The venue is appropriate in the Northern District of Illinois where the majority of violations took place pursuant to 28 U.S.C § 1391 (b)(2). Events occurred primarily in state of Illinois but also Indiana. The parties involve defendants of both Illinois and Indiana.

13. Plaintiff alleges deprivation of rights secured by the Due Process and Equal Protection Clauses of the Fourteenth Amendment as protected by 42 U.S.C. § 1983. Plaintiff also alleges the deprivation of rights secured by the Privileges or Immunities Clause of the Fourteenth Amendment as protected by 42 U.S.C. § 1983. Jurisdiction over their claims is vested in this Court by 28 U.S.C. §§ 1331, 2201, and 2202. Also, Plaintiff alleges the violation of rights secured

by Articles of the Illinois Constitution. Jurisdiction of this pendent state claim is vested in this Court by 28 U.S.C. § 1367.

14. [Paragraphs 14-18 are redacted.]

**Parties**

19. Plaintiff, J. Synnott, is a resident of DuPage county Illinois and [redacted].

20. [Redacted]

21. [Redacted].

22. Defendants sheriff officers are citizens of DuPage county, acting in their official capacities as Sheriff officers of DuPage county, are persons within the meaning of 28 U.S.C 1983

23. [Redacted].

24. The defendants, [Sherriff of DuPage County,] County of DuPage et al, are a person within the meaning of 28 U.S.C 1983

**Plaintiff's Allegations & background Information**

25. Plaintiff incorporates by reference the allegations of the original Complaint [and amended complaint] as though set forth herein. [Plaintiff repeats and re-alleges all paragraphs of original complaint as if fully hereto stated and re-alleged in each section, count or otherwise. All redacted statements and inter alia paragraphs are done so to protect sensitive information. Plaintiff is in no way waiving any claims or rights and/or remedies thereof sought or otherwise possible. Plaintiff is not voluntarily dismissing any claims contained inter alia in redacted information nor is he abandoning or voluntarily dismissing any pursuit, including any portion thereof, of or for declaratory and/or injunctive relief. Said declaratory and/or injunctive relief is the primary and most crucial of all relief sought] [Paragraphs 26-51 are redacted.]

52. <u>On or about 9/17/2014, Plaintiff was battered by [redacted] Sean McCumber [redacted]</u> McCumber came from behind plaintiff and deliberately physically battered him with

4

significant force.) [Redacted]. It is believed Judge [redacted] was made aware of incident and deliberately prevented Plaintiff from stating on the record pertinent facts of the incident. It is also believed that an attorney for Illinois states attorney's office was present and witnessed it but thereafter declined to report it. It is alleged the court's sheriff officer saw the incident, intervened, informed the judge, but filed inaccurate report. There are witnesses to incident [redacted].

53. It is believed that STG [redacted] thereof obstructed, induced, were the procuring cause of suppression and/or colluded with inter alia the court, officers thereof, and Sherriff's department, among others, to prevent matter from being prosecuted, and otherwise sought to suppress and restrain evidence, testimony and the truths of the matters.

54. Following Plaintiff's mother's affidavit of 9/17/14 incident, on or about 11/7/2014, STG sent a hostile process server to Plaintiff's residence after dark, driving erratic and aggressively, flashing lights into windows and vehicles, aggressively yelling and pounding on door, frightening Plaintiffs mother, and breaking outside door handle. This is alleged to be witness intimidation. There is no justifiable reason to send process server to a plaintiff titled in case and already having appeared on case before the court for years. Thereafter STG threatened and/or undertook multiple overt acts to intimidate his family some of which under color of law.

55. [Redacted]

56. On or about 1/2/15 again [redacted] sent an aggressive process server to Plaintiff's residence. Process server is alleged to have criminally opened door, attempted to unlawfully enter residence, made false report to police, and colluded, believed to be under [STG's] direction and/or direct involvement, with Sherriff's officers to unlawfully enter residence without just cause or properly identifying themselves, and threaten Plaintiff and/or his family.

57. [Paragraphs 57-109 are redacted. Counts 1-7 are redacted.]

5

**DUPAGE COUNTY SHERIFF OFFICERS**

**Count VIII- invasion privacy, illegal entry, search, intimidation; state & 4th amendment 42 U.S.C. § 1983**

110. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

111. As described more fully in preceding paragraphs Defendant Officers' created reasonable apprehension of imminent harm and acts constituted unlawful entry absent warrant or legitimate probable cause, offensive conduct intended to intimidate plaintiff, threat of unprovoked physical contact with plaintiff, and threatened to arrest Plaintiff on or about 1/2/2015.

112. As a result of the actions of the Defendants of DuPage County Sherriff's department, Plaintiff sustained emotional injuries inter alia of continuing apprehension for his own safety and that of his family. Particularly disturbing is Plaintiff's continuing concern and realization that he or his family can be assaulted and/or battered at any time by defendants and/or fellow unknown officers and may be irreparably harmed without adequate recourse.

113. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others and their obligations as an Sheriff's officer.

114. Plaintiff did nothing to provoke Defendants unlawful acts and the defendant's refused to leave when initially asked to leave. A reasonably well-trained officer with a reasonable knowledge of what the law prohibits would have known that the challenged action violated the Fourth Amendment. The officers had no warrant unlawfully entered and searched plaintiff's home without lawful justification knowing or reasonably should have known they were violating 4th amendment rights and threatened him with arrest.

115. The misconduct described in this count was undertaken by Defendants within the scope of their employment such that his employer, DuPage County Sherriff department, is liable for their

actions.

**Count IX -- 42 U.S.C. § 1983 failure to supervise**

116. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

117. As a matter of both policy and practice, the DuPage county sheriff department directly encourages, and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, both on-and off duty, such that its failure to do so manifests in deliberate indifference;

118. As a matter of both policy and practice, the DuPage county Sherriff department facilitates the very type of misconduct at issue here by failing to adequately punish and discipline prior instances of similar misconduct, thereby leaving DuPage County Sherriff officers to believe their actions will never be scrutinized and, in that way directly encouraging future abuses such as those affecting Plaintiff, specifically DuPage County sheriff officers accused of wrongdoing including inter alia unlawful entry can be confident that the responsible entity will not investigate those accusations in earnest and will refuse to recommend discipline even where the officer has engaged in acts of misconduct.

119. Generally it is believed as a matter of widespread practice so prevalent as to comprise County policy, Officers of the DuPage county abuse citizens in a matter similar to that alleged by plaintiff in this count in frequent basis, yet the responsible entities make finding of wrongdoing in a disproportionately small number of cases;

120. County policy-makers including supervisory positions charged with duty to supervise and are aware of, and condone and facilitate by their inaction a code of silence" in the department, by which officers fail to report misconduct committed by inter alia other officers such as the misconduct in this case; and

121. As a result of the unjustified and excessive acts by Defendant officers and the County's

7

policy and practice, plaintiff has suffered injury as well as emotional distress.

122. The misconduct described in this count was undertaken by Defendants within the scope of their employment and under color of law such that his employer, DuPage County, is liable for their actions.

**Count X – 42 U.S.C. § 1983 Failure to intervene**

123. One or more of the Defendant officers had a reasonable opportunity to intervene to prevent the other officer from violating Plaintiff's constitutional rights had they been so inclined, but failed to do so. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

124. As a result of the one or the other Defendant Officer's failure to intervene, Plaintiff suffered emotional distress.

125. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others and his obligations as an officer of the court.

126. The misconduct described in this count was undertaken by Defendants within the scope of their employment such that his employer, DuPage County, is liable for their actions.

127. The conduct described in this count was undertaken pursuant to the policy and practice of the DuPage county Sherriff department in the matter described more fully above.

128. As a matter of both policy and practice, the DuPage county Sherriff department failure to supervise, and is thereby the moving force behind the very type of misconduct at issue here by failing to adequately train, supervise and control its officers, both on-and off duty, such that its failure to do so manifests in deliberate indifference

**Count XI --42 U.S.C. § 1983 Conspiracy**

129. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

130. As described more fully in preceding paragraphs, the Defendants DuPage county officers, acting under color of law and within the scope of their employment, entered into an agreement amongst themselves, other police officers and others, to deprive Plaintiff of his constitutional rights, and cover up their acts.

131. The misconduct described in this count was objectively unreasonable and was undertaken intentionally with malice, willfulness, and reckless indifference to the rights of others and their obligations as an officer.

132. The misconduct described in this count was under taken pursuant to the policy and practice of the department in the matter described more fully above.

133. As a proximate result of this conspiracy, Plaintiff suffered damages, including the deprivation of Plaintiff's constitutional rights and emotional distress.

**Count XII --Repondeat Superior –State Law claim**

134. Each of the paragraphs in this complaint is incorporated as if restated fully herein

135. In committing the acts alleged in preceding paragraphs, the Defendant Officers were members and agents of the DuPage County Sherriff Department acting at all times within the scope of their employment.

136. Defendant DuPage County is liable as principal for all torts by its agents.

**Count XIII – Indemnification -State Law claim**

137. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

138. Illinois law provides that public entities are directed to pay any tort judgement for compensatory damages for which employees are liable within scope of their employment activities.

139. The Defendant Officers are or were employees of DuPage County Sherriff Department who acted within the scope of their employment described herein.

140. [Paragraphs 140-176 are redacted. Counts 14-18 are redacted.]

**Injunctive and Declaratory relief & Constitutionality of statutes**

177. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

178. An actual and substantial controversy exists between Plaintiffs and Defendants as to their respective legal rights and duties. Plaintiffs contend that both on their face and as applied to parties similar to Plaintiff, the challenged acts and laws violate the Due Process and Equal Protection Clauses of the Fourteenth Amendment and 42 U.S.C. § 1983. Plaintiff also alleges that ILCS [], generally, as applicable then and subsequently modified 2016, violates the Privileges or Immunities Clause of the Fourteenth Amendment and 42 U.S.C. § 1983, as well as Articles of the Illinois Constitution. On all counts, Plaintiff believes Defendants contend otherwise.

179. US Supreme court has long held the drafters of the constitution had an inherent "distrust of power" "believed that power might be tempted to cruelty." "Rights declared in words might be lost in reality. And this has been recognized." Weems v. United States, 217 U. S. 349 (1910). It is a slippery slope, unjustifiable for the court to grant itself power to escape review of unjust orders for its own convenience or desire. Drafters could not have expected courts to claim subject matter jurisdiction to violate due process enter orders: absent motion-sua sponte, granting relief not asked for, granting its power to third parties, based on void orders, and eviscerate fundamental liberty interests. Nor intended for courts to avoid correcting erroneous orders, escape review, and generally be punitive to those who dare to respectfully stand up for their constitutional rights of [redacted] themselves in effort to meet their obligation to protect [redacted]. McKenna noted courts should act to exercise right to review errors and be "less reluctance to act under it when rights are asserted which are of such high character as to find expression and sanction in the Constitution or bill of rights. And such rights are asserted in this case." id

180. Failure to address these issues and/or grant requested injunction and declaratory relief will

result in future violations of fundamental liberty interests, and cause Plaintiff and others similarly situated additional and/or future harm and damages. Plaintiff is at risk of being deprived remedy guaranteed by Illinois constitution absent this courts intercession.

**Unconstitutionality & Fundamental liberty interest violations of statutes [Redacted]**

181. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

182. [Paragraphs 182-192 are redacted.]

**PRESUMPTION OF [redacted]**

193. [Paragraphs 193 through 195 are redacted.]

**CONSTITUTIONALITY OF [redacted]**

196. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

[Paragraphs 197 through 198 are redacted.]

**CONSTITUTIONALITY OF STATUTES re [redacted]**

199. Each of the paragraphs in this complaint is incorporated as if restated fully herein.

[Paragraphs 200 through 203 are redacted.]

**Wherefore**, Plaintiff, respectfully requests that this court enter order granting:

A. Judgement for Plaintiff and against Defendants, awarding compensatory damages and attorney fees, along with punitive damages exceeding $75,000 against the Defendants including in individual capacities, and/or official capacities as allowed;

B. this plaintiff, individually and those similarly situated Declaratory relief to the effect of:

   i. Declaring the rights of the Plaintiff [redacted]. [Redacted.].

   ii. It is declared that [redacted]

   iii. Declaring rights of parties with respect to court's duties to comply with inter alia fundamental liberty interests, due process and equal protection clauses

   iv. Stating the [redacted] has violated Plaintiff's and [redacted] fundamental liberty interests

    v. Stating [redacted] has violated plaintiffs rights to inter alia due process, and equal protection

    vi. Stating [redacted.]

    vii. Declaring inter alia statues [redacted], unconstitutional and void ab initio.

    viii. Declaring [redacted].

    ix. Declaring that [Redacted].

    x. Rulings hereafter made [redacted] absent agreement of both parties/ [redacted] that decision should be made by the court on particular issue [redacted], or in alternative after a determination of unfitness of a party and agreement of the other, or finding of unfitness of both [redacted], after hearing under minimum clear and convincing standard if not beyond reasonable doubt are invalid and unenforceable where the presumption will be joint and equal [redacted] rights. Orders entered prior to this date may be amended upon proper motion to court having jurisdiction to comply with this ruling.

    xi. Presumptions of [redacted] must be safeguarded by minimum standards i.e. clear and convincing standards if not beyond reasonable doubt [Redacted.];

    xii. Declaring anti SLAPP statue does apply [redacted].

C. This plaintiff, individually and those similarly situated a preliminary injunction and or permanent injunction as follows

    i. Enjoining DuPage county circuit court and/or all Illinois circuit courts from entering an order appointing [redacted] absent agreement of [redacted] unless there has been a finding of unfitness or abandonment under clear and convincing evidence [redacted].

    ii. Enjoining DuPage county circuit court and/or all circuit courts from entering an order appointing [redacted] absent agreement of both [redacted] or upon agreement of one party where the other party is determined unfit [redacted.]

12

    iii. Requiring Defendant's DuPage county particularly DuPage Sherriff department and DuPage county circuit court to adopt measures, including notification and training, as measures to proactively ensure that vestiges of these afore mentioned violations have been eradicated; and

    iv. Requiring Defendant's DuPage county particularly DuPage Sherriff department and DuPage county circuit court to adopt hiring and/or appointment measures, including notification and training, as measures to proactively ensure that vestiges of these afore mentioned violations are not a part of new appointees and new hires pattern of behavior in their official capacity.

D.     Award Plaintiff costs and reasonable attorneys' fees

E.     providing such other relief as this court deems necessary and appropriate

**Jury Demand**

**Plaintiff hereby demands a trial by jury on all issues so triable**.

*[signature]*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE:<br>J. Synnott,<br>    PLAINTIFF<br>v.<br>DuPage Sheriff officer Burgermeister in individual & official capacity<br>DuPage Sheriff officer Northop in individual & official capacity<br>Sheriff of DuPage County in individual & official capacity<br>DuPage County /State of Illinois<br>Suppressed (multiple),<br>et al<br>    DEFENDANTS | RECEIVED<br>2017 FEB 23 PM 2: 35<br>Case No.<br>CLERK<br>U.S. DISTRICT COURT<br>16 C 9098<br><br>Judge Kennelly<br><br>**Jury Trial Demanded** |

### Notice of Filing

You are hereby notified that on February 23, 2017 the attached labeled below was filed with the Clerk of The United States District Court for the Northern District of Illinois; presentment and status is set for **March 13, 2017** located at Federal Courthouse 219 S Dearborn St. Chicago, IL 60604 in court room 2103:

**PLAINTIFF'S "REDACTED" 1st AMENDED COMPLAINT, & DECLARATORY & INJUNCTIVE RELIEF**

Status is set for March 13, 2017

Your appearance may be required

**PROOF OF SERVICE**

On February ___, 2017 I, John Doe, on oath state that I served this notice to each above named person(s) to whom it is directed as per attached exhibit.

Signature: _____

Signed and sworn to before me,

Date: _____

Circuit Clerk or Notary Public:

Pro se:
J S
25W150 Brandywine Ct
Naperville, IL 60540

**FILED**

FEB 2 3 2017

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

Exhibit

| | |
|---|---|
| Suppressed | DuPage Sheriff officer Burgermeister |
| | DuPage County Sherriff Department |
| Suppressed | 501 N. County Farm Road, |
| | Wheaton, IL 60187 |
| Suppressed | |
| | DuPage Sheriff officer Northop |
| Suppressed | DuPage County Sherriff Department |
| | 501 N. County Farm Road, |
| Suppressed | Wheaton, IL 60187 |
| | |
| Suppressed | Sheriff of DuPage County |
| | DuPage County Sherriff Department |
| Suppressed | C/O Sheriff Zaruba |
| | 501 N. County Farm Road, |
| Suppressed | Wheaton, IL 60187 |

DuPage County
C/O Dan Cronin
421 N. County Farm Road
Wheaton, IL 60187

Suppressed

Cc: Illinois Attorney General Lisa Madigan
**Chicago Main Office**
100 West Randolph Street
Chicago, IL 60601